Totten, J.,
delivered the opinion of the court.
H. Foster recovered a judgment before justice Rooker of Blount county, on the 20th January, 1851, for $130 00.
In a proceding thereon, by garnishment against Clementine A. Saffell, before said justice, judgment was rendered against her upon her answer, for $131 12.
The garnishee appealed to the circuit court of Blount, where she filed a new answer, and thereon, the judgment of the justice was annulled, and judgment rendered in her favor, that she go hence &c., and from this judgment the plaintiff has appealed in error to this court.
It is evident from the record, that all the answer before the justice was not reduced to writing by him. It appears on its face to be imperfect. And as to the answer in the circuit court, it was not made upon examination in open court, but is an ex parte statement prepared and filed for an answer.
*91 The practice adopted'was not in conformity to the provisions of the statutes on this subject. See Acts 1794, chap. 1; 1803, chap. 6; 1815, chap. 20.
The garnishee must appear before the court and be examined, as to what he is indebted to the defendant in the execution, what effects of his are in his possession, or in the possession of any other person to his knowledge. The plaintiff has the right to his public examination before the court; and it is manifest, that this mode of proceeding, contemplated by the statutes, will be much more likely to elicit the true state of the facts, than the ex parte and often imperfect statement of the garnishee, prepared in the absence of the plaintiff and filed in court for an answer.
2. And as the answer is in itself conclusive upon the rights of the parties, it should be reduced to writing and be approved by the garnishee. This is material to the rights of the party, that it may appear in a revising court, whether the judgment rendered was properly authorized by the answer.
3. We think, either party has the right of appeal to a revising court, to correct any error that may have been committed by the inferior court, either as to the answer or the judgment thereupon.
The' proceeding in this case, before the justice was erroneous and unjust to the garnishee; and the proceeding before the circuit court was erroneous and unjust to the creditor.
The judgment of the circuit court will be reversed, and the case be remanded to that court for further proceeding.